IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| **SHIRLEY McBRAYER FLOOD,** as **PERSONAL REPRESENTATIVE of THE ESTATE OF DAVID DANIEL McBRAYER,** deceased<br><br>   Plaintiff<br><br>**CITY OF JACKSONVILLE, ALABAMA,**<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. **1:16-cv-1832-ACA**<br>)<br>) Hon. Annemarie C. Axon presiding<br>)<br>)<br>) |

## DEFENDANT CITY OF JACKSONVILLE'S RESPONSE TO PLAINTIFF'S MOTION FOR ADDITIONAL FINDINGS AND TO ALTER OR AMEND THE JUDGMENT (DOC. 94)

Comes now the Defendant, the City of Jacksonville ("Jacksonville"), which respectfully offers this response in opposition to the request by Plaintiff, Shirley McBrayer Flood/Estate of David Daniel McBrayer for additional findings and to alter or amend (Doc. 94) this Court's judgment in this matter (Doc. 93).

As an initial matter, Plaintiff's motion references the alleged fact that McBrayer did not receive medical care while he was being detained in the Jacksonville jail. (See Doc. 94/¶¶ 2, 3.) Yet, Plaintiff's complaint did not present any such claim (which would arise under the Eighth Amendment)[1] that jail officials acted with any alleged deliberate indifference to McBrayer's serious

---

[1] See generally Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (citations and quotations omitted).

-1-

medical needs during his incarceration (see generally Doc. 23/¶¶ 30-53) and this Court correctly focused its analysis and based its judgment on the sole remaining "failure to train" claim actually presented (see Doc. 92/p. 2, n. 1). Thus, respectfully, this argument is unavailing as a reason to alter or amend this Court's well-reasoned memorandum opinion and order in any way.

As to Plaintiff's invocation of Fed. R. Civ. P. 52(b) as a basis for requesting "additional findings," it, too, is misplaced and unavailing. Rule 52(a)(3) specifically states that this Court is not required to state findings or conclusions when ruling on a motion for summary judgment.[2] What this Court should do, as a prudential matter, and which it has done here, is to identify the reasons for granting the motion to aid appellate review.[3] This Court's well-reasoned and thorough memorandum opinion and order does just that, and Rule 52 does not provide Plaintiff with any basis for relief.

---

[2] Cf. Guthrie v. Wells Fargo Home Mortg. NA, 706 F. App'x 975, 977–78 (11th Cir. 2017) (court is not required to make specific findings of fact when ruling on a motion unless the Federal Rules of Civil Procedure provide otherwise).

[3] See Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion."). See also Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) ("The phrase 'findings of fact' is often loosely used in connection with Rule 56. It is, however, a phrase singularly inappropriate because a premise of Rule 56 is that there is no genuine issue as to material facts, and the court is not required to find the facts specially and state its conclusions of law thereon as required in Rule 52(a). What is important in the summary judgment context is that the court, where relevant, identifies the undisputed facts on which its decision is based and identifies its conclusions of law as well. This can be done informally and even dictated to the court reporter."); Alabama Legislative Black Caucus v. Alabama, No. 2:12-CV-1081, 2013 WL 1397139, at *3–4 (M.D. Ala. Apr. 5, 2013) (holding Rule 52 did not apply to motion at issue and Rule 56 counseled that, as a prudential matter, reasons for granting a motion should be stated, but that this was not required).

Finally, as to the merits of Plaintiff's request to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e),[4] there simply is no valid basis for granting the motion. Plaintiff presents no new or different facts or law, but rather re-hashes the underlying alleged merits of the case in an attempt to convince the Court that it was completely wrong in granting summary judgment in favor of Jacksonville. (See Doc. 94/p. 6.)

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."[5] "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."[6] "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[7] "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."[8]

---

[4] Plaintiff does not cite to nor purport to rely on Rule 59 in making the motion, but by its plain language, it is apparently based on Fed. R. Civ. P. 59(e).
[5] Ray v. Lee Brass Foundry, LLC, No. 5:15-CV-0528-CLS, 2017 WL 4865455, at *1 (N.D. Ala. Sept. 19, 2017) (quoting Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005)).
[6] Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal modifications omitted).
[7] Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir.2005).
[8] Id.

Here, Plaintiff asks for additional findings of fact, and a reconsideration of the judgment, based on Jacksonville's alleged lack of a policy or training on dealing with the mentally ill. (See Doc. 94/¶ 3.) However, this Court granted summary judgment on the basis that "Ms. Flood has not presented evidence that Officer Edwards violated Mr. McBrayer's constitutional rights and, as a result, the City cannot be liable …" (Doc. 92/pp. 7-8.) While Jacksonville respectfully maintains that this Court could have, with equal correctness, <u>also</u> granted summary judgment on the bases of its other arguments (one of which was that Jacksonville did not have a "policy or custom" that caused the alleged constitutional violation), the fact remains that this Court granted summary judgment solely on the grounds that there was no underlying constitutional violation by the involved police officer. In turn, Plaintiff has completely failed to demonstrate that this Court made any improper inferences in granting summary judgment or that the "additional findings" she seeks would have affected the Court's decision here.

In summary, with respect, Plaintiff's motion does nothing but ask this Court to reexamine an unfavorable ruling, which is not the purpose of Rule 59, and which this Court should not do in the absence of a manifest error of law or fact, which is nowhere to be found in this Court's thorough, well-reasoned, and well-supported memorandum opinion and order. Plaintiff's motion should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully submits this response to Plaintiff's motion for additional findings or to alter or amend (Doc. 94) the judgment (Doc. 93), and for the reasons stated here, respectfully requests that this Court deny said motion.

Respectfully submitted,

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)
Attorney for Defendant
City of Jacksonville

<u>OF COUNSEL:</u>
STUBBS, SILLS & FRYE P.C.
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256)835-5050
Email: david-ssf@cableone.net

## Certificate of Filing and Service

I hereby certify that the following has been served a copy of the foregoing document, on the 8th day of May 2019, by placing the same in the U.S. mail, postage prepaid and properly addressed; or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

U.W. Clemon
U.W. CLEMON, LLC
5202 Mountain Ridge Parkway
Birmingham, AL 35222
clemonu@bellsouth.net
*Attorney for Plaintiff*

Brett D. Watson
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036
bwatson@findjustice.com
*Attorney for Plaintiff*

Hannah C. Thompson
BIRMINGHAM LAW GROUP
Post Office Box 2264
Birmingham, AL 35201
hthompson@bhamlawgroup.com
*Attorney for Plaintiff*

                                      /s/ *C. David Stubbs*
                                      C. David Stubbs (asb-7248-u83c)